UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SUKHJIT SINGH,<br>Plaintiff,<br>v.<br>CITY OF MARYSVILLE et al.,<br>Defendants. | CASE NO. 2:26-CV-3119-RAJ-DWC<br><br>ORDER DECLINING SERVICE OF COMPLAINT |

The District Court referred this action to United States Magistrate Judge David W. Christel. Plaintiff Sukhjit Singh, proceeding *pro se*, filed this civil rights complaint under 42 U.S.C. § 1983. Having reviewed and screened Plaintiff's Complaint under 28 U.S.C. § 1915A, the Court declines to direct service of the Complaint but provides Plaintiff leave to file an amended pleading by November 30, 2026, to cure the deficiencies identified herein.

## I. Background

Plaintiff is in custody at the Airway Heights Correction Center in Airway Heights, Washington. Dkt. 3 at 2. Plaintiff names the City of Marysville and Officer Adams as defendants. *Id.* at 1, 6. It is difficult to discern the underlying factual basis for Plaintiff's claims and the extent

of Defendants' involvement. *Id.* at 4-10. Plaintiff alleges Defendant Adams made a false statement while testifying (presumably at Plaintiff's criminal trial) which resulted in a deprivation of Plaintiff's rights. *Id.* at 6. To support Plaintiff's claims, the Complaint states "Officer Adams lied on the stand and was found guilty. Everything is recorded on his body cam." *Id.* The Complaint does not include any allegations about what the body camera footage shows to support Plaintiff's allegations. *Id.* at 5. Plaintiff requests monetary relief. *Id.* at 10.

## II. Discussion

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is, therefore, to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271, 114 S. Ct. 807, 127 L. Ed. 2d 114 (1994).

To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A person subjects another to a deprivation of a constitutional right when committing an

affirmative act, participating in another's affirmative act, or omitting to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. *Leer*, 844 F.2d at 633. Further, a § 1983 suit cannot be based on vicarious liability alone but must instead allege the defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385-90, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989).

The Court is required to liberally construe *pro se* documents. *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976). Under Federal Rule of Civil Procedure 8, however, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d).

Here, Plaintiff's Complaint does not comply with Federal Rule of Civil Procedure 8 because it does not contain a clear and concise statement supporting Plaintiff's claims. Dkt. 3; Fed. R. Civ. P. 8(a). First, Plaintiff provides little to no facts to support the allegations in the Complaint. *Id.* For example, the Complaint does not explain what role, if any, the City of Marysville played in the alleged violations. *Id.*[1] Second, Plaintiff does not identify any specific rights, nor has Plaintiff shown how those rights were violated. *Id.* Even if Officer Adams's body camera footage was filed with the Court, that is not a substitute for a well-plead complaint. *Crary v. Washington*, No. 3:24-CV-5666-TMC, 2024 WL 4729499, at *3 (W.D. Wash. Sept. 23, 2024), *report and recommendation adopted*, No. 3:24-CV-5666-TMC, 2024 WL 4722142 (W.D. Wash. Nov. 8, 2024) (declining to consider exhibits "as a replacement for a well-pled complaint").

[1] To the extent that Plaintiff is alleging that the City of Marysville is liable for the actions of Officer Adams, Plaintiff's claim(s) would fail absent facts illustrating that "the municipality *itself* cause[d] the … violation at issue." *See Harris*, 489 U.S. at 385-90 (explaining that vicarious liability does not attach under § 1983).

Consequently, the Court cannot determine what claims Plaintiff seeks to assert against each Defendant or whether Plaintiff has stated any plausible claim for relief. As such, Plaintiff has failed to state a claim upon which relief can be granted.

**III. Conclusion**

Because of the deficiencies identified above, the Court declines to direct Plaintiff's complaint be served on Defendants. Plaintiff is granted leave to file an amended complaint curing the noted deficiencies on or before November 30, 2026. Plaintiff must ensure that the amended complaint carries the same case number as the original complaint. If Plaintiff fails to timely respond to this Order, the Court will recommend that this action be dismissed pursuant to 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(B).

Plaintiff shall present the amended complaint on the form provided by the Court. Plaintiff is advised that an amended pleading operates as a complete substitute for an original pleading. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (citing H*al Roach Studios, Inc. v. Richard Feiner & Co., Inc*., 896 F.2d 1542, 1546 (9th Cir. 1990) (as amended)). Thus, the amended complaint must contain a short, plain statement telling the Court: (1) the right Plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of Plaintiff's rights; and (5) what specific injury Plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377, 96 S. Ct. 598, 46 L. Ed. 2d 561 (1976). Each claim for relief must be simple, concise, and direct. Fed. R. Civ. P. 8(d). Further, Plaintiff may not rely on external documents to identify the factual basis of the claim and must include all allegations and relevant facts in the body of the amended complaint.

The Clerk is directed to send Plaintiff the appropriate forms so that Plaintiff may file an amended complaint.

Dated this 27th day of October, 2026.

David W. Christel
United States Magistrate Judge